## ZUBEL v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2702.  Decided Sept 29, 1936

Orman G. Terry, Columbus, for appellee.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst. Prosecuting Attorney, Columbus, for appellants.

### OPINION

By BODEY, J.

Appeal on a question of law is here prosecuted by the defendant below. The plaintiff below appealed to the trial court from the order of the Industrial Commission denying to him the right to participate in the Workmen's Compensation Fund. The trial resulted in a verdict for the plaintiff below.  But two assignments of error are relied upon for reversal in this court. These assignments are as follows:

(1) The verdict of the jury is not supported by the evidence.

(2) The court erred in overruling appellant's demurrer to the amended petition of appellee.

We will consider these assignments of error in their reverse order.

The only allegation in the original petition concerning the refusal of the Industrial Commission to honor plaintiff's claim was the following:

"Plaintiff further alleges that he filed his application for modification together with his proof in support thereof.  That the said Commission took testimony in this claim as provided by law and on consideration thereof, failed to pay him compensation; that within thirty days after receiving notice of such action, plaintiff filed his appeal in this court."

At the outset of the trial plaintiff was granted leave to amend the above quoted paragraph of his original petition, and after the words, "to pay him compensation," to insert the following:

"On the jurisdictional ground going to the basis of this claimant's right in that on June 15, 1933, the Commission found 'recommended that claim be disallowed for the reason that proof on affidavit filed does not show the claimant's disability was result of the injury sustained in the course of and arising out of his employment,' which recommendation was adopted, and is that on September 9th, 1935, the Commission found that claim was disallowed on rehearing."

Thereupon counsel for the Industrial Commission demurred to the petition as amended "for the reason that it still does not show that this court has jurisdiction of the subject matter in that the record after rehearing does not show a disclaimer of jurisdiction by the Commission, as required by law."

The trial court overruled the demurrer.

It is necessary that the right of a claimant to participate in the Workmen's Compensation Fund be denied by the Industrial Commission upon jurisdictional grounds

650

before the claimant has a right to appeal to the Common Pleas Court. The petition in the instant case as amended does show that the Commission denied claimant's right to participation on a jurisdictional ground on June 15, 1933. Although in the preceding sentence the plaintiff alleges that he had filed an application for modification, still the court must conclude that the action of the Commission as set forth under date of June 15, 1933, was the order upon the original application. Then claimant follows with the allegation, "that on September 9, 1935, the Commission found that claim was disallowed on rehearing."

It is our view that this allegation when coupled with the allegation of the order of the Commission made on June 15th, is sufficient to apprise the court of the refusal to allow the claim on a jurisdictional ground. Since it appears that the Commission found in the first instance that the claimant's disability did not result from an injury sustained in the course of and arising out of his employment, we think it follows from the language employed that its finding on rehearing was based upon the same ground. It is our judgment that the demurrer to the petition as amended was properly overruled by the trial court.

There is a conflict between the oral testimony given by the plaintiff upon hearing and the claimant's written affidavit and his original report of injury as prepared by his physician and filed with the Commission. If the oral testimony of the claimant is to be believed then the verdict of the jury is correct. If the documentary evidence correctly states the facts, then the claim of the appellee should be disallowed. The question of passing upon the weight of the evidence and the credibility of the witnesses is one for the jury. In our judgment the verdict of the jury is sustained by the evidence of the claimant, which was advanced upon the hearing. Since the jury chose to believe this evidence, it is not within the province of a reviewing court to reverse its finding when that verdict may be sustained by one view of the evidence. We hold that the verdict was sustained by the evidence and that reasonable minds might reach different conclusions upon the evidence as introduced.

The judgment of the lower court is affirmed.

Exceptions are noted.

BARNES, PJ, and HORNBECK, J, concur.